1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ROBERT HOOVER,

Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,[1]

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. ED CV 12-2060 JCG

**MEMORANDUM OPINION AND ORDER**

Robert Hoover ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits.  Plaintiff contends that the Administrative Law Judge ("ALJ") improperly relied on the vocational expert ("VE") in determining that Plaintiff could perform his past relevant work or alternative work.  (Joint Stip. at 6-14.)  Specifically, Plaintiff argues that the ALJ failed to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT").  (*Id.* at 8-9.)  The Court agrees with Plaintiff for the reasons discussed below.

---

[1]   Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R. Civ. P. 25(d).

1
2

A.     <u>An ALJ Must Resolve Apparent Conflicts Between a VE's Testimony</u>
<u>and the DOT at Steps Four and Five of his Determination</u>

3        Although the burden of proof lies with the claimant at step four, "the ALJ still

4 has a duty to make the requisite factual findings to support his conclusion." *Pinto v.*

5 *Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). An ALJ's determination that a

6 plaintiff has the residual functional capacity ("RFC") to perform his or her past

7 relevant work must contain a finding of fact as to the physical and mental demands

8 of the past job, and that the individual's RFC would permit a return thereto. SSR

9 82-62, 1982 WL 31386, at *4; *see also Soria v. Callahan*, 16 F. Supp. 2d 1145, 1151

10 (C.D. Cal. 1997) ("At step four, the ALJ is obliged to ascertain the demands of the

11 claimant's former work and to compare those demands with present capacity."). The

12 ALJ may utilize a vocational expert to assist in this determination. *See* 20 C.F.R. §

13 404.1560(b)(2).

14        When a VE provides evidence about the requirements of a claimant's past

15 job, the ALJ has "an affirmative responsibility to ask about any possible conflict"

16 between that testimony and the DOT, and to obtain a reasonable explanation for the

17 deviation. SSR 00-4p, 2000 WL 1898704, at *4. An ALJ does not make the

18 requisite factual findings if he fails to inquire whether the VE's testimony conflicts

19 with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).

20        At step five of the sequential evaluation, the burden of proof shifts to the

21 Commissioner to identify specific jobs existing in substantial numbers in the

22 national economy that a claimant can perform despite his identified limitations.

23 *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Here again, an ALJ may

24 not rely on a VE's testimony without first inquiring whether his or her testimony

25 conflicts with the DOT, and resolving any apparent conflicts that may arise.

26 *Massachi*, 486 F.3d at 1149.

27
28

2

1    B.    The ALJ Failed To Resolve an Apparent Conflict Between the VE's
2          Testimony and the DOT

3        The ALJ improperly found that Plaintiff could perform his past relevant work

4    as a check cashier, or alternative work as a small products assembler, cashier II, or

5    button assembler.  Two reasons guide this determination.

6        First, the VE's testimony that Plaintiff could perform work as a check cashier,

7    small products assembler, cashier II, or button assembler conflicts with Plaintiff's

8    RFC.  (Administrative Record ("AR") at 21, 770.)  Specifically, in his RFC

9    determination, the ALJ found that Plaintiff retained the ability to perform a range of

10   light work with "no more than occasional work above shoulder level," among other

11   limitations.  (*Id.* at 21.)  According to the DOT, the physical demands of all four jobs

12   include more than occasional reaching.[2]  *See* DOT 211.462-026, 1991WL 761844

13   (check cashier requires frequent reaching), DOT 739.687-030, 1991 WL 680180

14   (small products assembler requires constant reaching), DOT 211.462-010, 1991 WL

15   671840 (cashier II requires frequent reaching), and DOT 734.687-018, 1991 WL

16   679950 (button assembler requires constant reaching).[3]

17       In this context, reaching means "extending the hands and arms in *any*

18   direction."  SSR 85-15, 1985 WL 56857, at *7 (emphasis added).  Contrary to

19   Defendant's assertion that the descriptions of the identified jobs do not specify what

20   types of reaching are required, (*see* Joint Stip. at 15), all four contemplate significant

21   potential reaching above the shoulders.  Accordingly, an apparent conflict existed

22   between the DOT's occupational definition of the check cashier, small products

23   assembler, cashier II and button assembler positions and the VE's testimony that

24   _____

25   [2]  "Occasional" means from very little up to 1/3 of working hours.  SSR 83-10, 1983 WL
26   31251, at *2.

27   [3]  "Frequent" means occurring from 1/3 to 2/3 of the time, SSR 83-10, 1983 WL 31251, at *6,
28   while "constant" means for 2/3 or more of the workday.  *See, e.g.*, DOT 739.687-030, 1991 WL
     680180.

1   Plaintiff could perform such work.

2       Second, although the ALJ states in his decision that there was "no apparent

3   conflict between the DOT and the VE's testimony," (AR at 20 (underlining

4   omitted)), there is no indication in the record that the ALJ asked the VE whether a

5   conflict existed.  (*See generally id.* at 777-781.)  The ALJ therefore took it upon

6   himself to conclude, incorrectly, that the testimony was consistent.  This was error.

7   *See Massachi*, 486 F.3d at 1153 (if a conflict exists, the ALJ must determine whether

8   the VE's explanation for it is *reasonable*, and whether a basis exists for relying on

9   the VE rather than the DOT).  In the absence of clear evidence in the record to

10  support the deviation, the Court "cannot determine whether the ALJ properly relied

11  on the [VE's] testimony."  *Id.* at 1154.  Thus, the Court finds that the ALJ's step-

12  four and step-five determinations are not supported by substantial evidence.

13      C.    Remand is Warranted

14      With error established, this Court has discretion to remand or reverse and

15  award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

16  useful purpose would be served by further proceedings, or where the record has been

17  fully developed, it is appropriate to exercise this discretion to direct an immediate

18  award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

19  But where there are outstanding issues that must be resolved before a determination

20  can be made, or it is not clear from the record that the ALJ would be required to find

21  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

22  *See id.* at 594.

23      Here, there are outstanding issues which must be resolved before a final

24  determination can be made.  On remand, the ALJ shall, with the assistance of a VE,

25  analyze the physical demands of Plaintiff's past relevant work.  In making this

26  determination, the ALJ shall inquire on the record whether the VE's testimony is

27  consistent with the DOT and, if it is not, obtain an explanation for any deviation.

28  *See Massachi*, 486 F.3d at 1152-53.

4

The ALJ shall then reassess whether, in light of Plaintiff's RFC, he is capable of performing any of his past relevant work either as it was actually performed, or as it is generally performed in the national economy.  If the ALJ concludes that Plaintiff is capable of performing his past relevant work, his decision must contain sufficient factual findings to support his determination as required by SSR 82-62, 1982 WL 31386, at *4.

If the ALJ determines that Plaintiff cannot return to his past work, he must continue to step five and, with the help of a VE, ascertain whether there are other jobs existing in significant numbers in the regional and national economies that Plaintiff can perform.  Here again, the ALJ should obtain a reasonable explanation from the VE, if one exists, for any conflict between his testimony and the DOT.  *See, e.g., Hernandez v. Astrue*, 2011 WL 223595, at *5 (C.D. Cal. 2011).[4/]

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: January 15, 2014

_____

Hon. Jay C. Gandhi
United States Magistrate Judge

---

[4/]    In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contention.  (*See* Joint Stip. at 16-25.)

5